Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error brought an action of ejectment for a lot in Natchez, which he had purchased as the property of the defendant at sheriff’s sale, which was made under sundry executions against the plaintiff in error.
The first objection to the title of the plaintiff below is, that the deed was not delivered until after it had been acknowledged, to wit, on the 15th of April, 1841, whereas the sale was made, and the deed dated on the 5th of April. This was an immaterial circumstance. Although delivery is essential to the validity of a deed, yet the delivery of a deed after this, related back to the time of sale. The sheriff sold by virtue of the judgments and executions, and the title passed by the sale. It is not essential to the validity of a deed, that it be actually delivered to the grantor ; it may be delivered to a third person for him; or if it be signed and sealed, and declared by the grantor, in the presence of the attesting witnesses, to be delivered, it is an effectual delivery, if there be nothing to qualify it. In this instance, the sheriff acknowledged before an officer, competent to take such acknowledgment, that he had signed, sealed, and delivered the deed on the day and year therein written, which was on the 5th of April. The deed was, therefore, properly admitted.
It appears, by the bill of exceptions, that the plaintiff below had the several judgments referred to in the sheriff’s deed, though they are not set out in the record. He also read the several writs of fieri facias, returnable to the May term, 1841, of the Adams circuit court, under which the lot was sold. To this course an objection was made, because the plaintiff did not introduce the intermediate executions. This was unnecessary. As against the defendant in execution, it is only necessary to introduce the judgment, and the process upon it under which the property was sold. Doe ex dem. Starke v. Gildart, 4 How. 267. The point here raised was expressly decided in Carson v. Huntington, 6 S. & M. 111, when the judgment and venditioni exponas were held sufficient, without the writ of fieri facias. We have no means of knowing whether the judgments sus *393 tained the executions or not, as they are not set out. We must presume they did, and if so, the intermediate executions are unnecessary.
When the court refused to require the plaintiif below to introduce the intermediate or prior executions, the defendant then offered to introduce them. They would have been proper evidence if title to the property could have been established by them, or if thereby it could have been made to appear that they had been satisfied, but they do not establish the one or the other. It is true, that a prior execution in favor of Briggs, Lacoste & Co. had been levied on property which had been sold, but the return does not show what that property was. It is also true, that two other executions, one in favor of Briggs, Lacoste & Co. issued 2d of November, 1838, and one in favor of the Agricultural Bank, issued 15th January, 1839, were levied on that same lot, but by the returns it appears, that it was not sold for want of time. This presented no impediment to a subsequent levy of other executions on the same property; it was consequently not error to exclude these executions and the returns on them, because they did not tend to establish a title in the defendant, or to defeat the plaintiff's right.
Amongst the multitude of executions introduced, it is possible that some may have been defective or even void, but it is conceded that some of them were good. If even one of them was good, it would have been sufficient for the plaintiff's purpose. The defects in the others could not vitiate his title. Pickett v. Planters Bank, 5 S. & M. 470. It does not seem, however, that the objection in the court below was predicated on any defect in the executions, but was urged because what are called the intermediate executions were not read.
It is also insisted, that the judgment must be reversed for want of proof of possession in the defendant. This objection cannot prevail. There is no bill of exceptions which sets out the evidence, nor does it appear that any such objection was made on the trial. We must, therefore, presume that the requisite proof of possession was made.
Judgment affirmed.